UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| **DOUGLAS DWIGHT EDWARDS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 4:08-CV-0038 AS |
| | ) | |
| **REX W. KEPNER, Judge, ERIC HOLLINGSWORTH, Probation Officer, BENTON COUNTY, and WILLIAM B. WEIST, Prosecuting Attorney,** | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

*OPINION AND ORDER*

Douglas Edwards, a prisoner confined at the Benton County Jail, filed a complaint under 42 U.S.C. § 1983, alleging that Circuit Judge Rex Kepner, Prosecutor William Weist, Probation Officer Eric Hollingsworth, and Benton County violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Edwards alleges in his complaint that Benton Circuit Court Judge Rex Kepner violated his federally protected rights by ordering him to probation and requiring him to attend counseling, which was against his faith. Edwards seeks monetary compensation from the defendants.

Judge Kepner is entitled to absolute judicial immunity against Edwards's damage claims if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.*  435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990). Judge Kepner had the jurisdiction to preside over Edwards's criminal case and to place him on probation and require him to attend counseling after he was convicted. *See John v. Barron*, 897 F.2d 1387,

1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Kepner is entitled to judicial immunity against Edwards's damage claims on his allegation that Judge Kepner placed him in an improper probation program.

Edwards also names Benton County as a defendant, apparently seeking to hold the county responsible for Judge Kepner's actions. "But judges of Indiana's circuit, superior, and county courts are not county officials, they are judicial officers of the state judicial system." *Sims v. Kernan*, 29 F. Supp.2d 952, 958 (N.D.Ind. 1998). Judge Kepner, as Judge of the Benton Circuit Court, is not a county official. Benton County and its commissioners have no control over the Benton Superior Court, and Edwards may not sue the county or its officials based in the actions or inactions of circuit or superior court judges. *Id.* at 958.

Edwards also sues Prosecutor William Weist, apparently because he presented the State's case against Edwards and was involved in the sentencing. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. "This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Mr. Edwards asserts in his complaint constitutes conduct

intimately associated with the judicial phase of the criminal process. Accordingly, defendant Weist is entitled to prosecutorial immunity.

Finally, the plaintiff names Probation Officer Eric Hollingsworth as a defendant, apparently because he enforced the requirement that Edwards attend counseling while he was on probation. Any liability of defendant Hollingsworth would be derivative of Judge Kepner's liability. In other words, the only way that Hollingsworth could be held liable is because he was following Judge Kepner's instructions. But the law is clear that judicial immunity from damages is accorded to those who are acting under orders from a judicial officer under the doctrine of quasi-judicial immunity. *Richmond v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001); *Soltnick v. Farfinkle*, 632 F.2d 163, 166 (1st. Cir. 1980); *Hendricksen v. Bently*, 644 F.2d 852, 855 (10th Cir. 1981). Accordingly, defendant Hollingsworth is entitled to quasi-judicial immunity because he acted on Judge Kepner's orders.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**DATED**: August 8, 2008

                                            **/s/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**